# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DILEWAR SINGH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN DESERT VIEW ANNEX, et al.,<br><br>　　　　Respondents. | Case No. ED CV 26-00440 FMO (AJR)<br><br>**ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS** |

The court has reviewed and considered all the briefing filed with respect to Dilewar Singh's ("petitioner") Petition for Writ of Habeas Corpus. (Dkt. 1, "Petition"). Respondents concede that petitioner is a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, 2025 WL 3288403, *9 (C.D. Cal. 2025), and state that, "to the extent [petitioner] would be entitled to any remedy, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." (Dkt. 7, Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") at 2). This is the only claim respondents address in their Answer. (See, generally, id.). In other words, respondents otherwise fail to address or provide any response to petitioner's due process claim. (See, generally, id.); (see Dkt. 1, Petition at ¶¶ 54-75, 96-103). Accordingly, the court construes respondents' failure to address petitioner's due process claim as a concession of petitioner's argument. See, e.g., Soleimani v. Larose, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's response to the petition failed to respond

to numerous claims raised in the petition, including a Fifth Amendment due process claim); Singh v. Chiang, 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

Based on the foregoing IT IS ORDERED THAT:

1. Petitioner's Petition for Writ of Habeas Corpus **(Document No. 1)** is **granted** as set forth in this Order.

2. Respondents shall release petitioner forthwith.

3. Respondents shall file with the court a Notice of Compliance within twenty-four (24) hours of releasing petitioner.

4. Respondents shall not re-detain petitioner during the pendency of these proceedings without providing petitioner with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and/or detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner shall not be detained unless respondents demonstrate at the pre-deprivation hearing that petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

5. Judgment shall be entered accordingly.

Dated this 9th day of February, 2026.

/s/
Fernando M. Olguin
United States District Judge